(10 Misc. Rep. 496.)
### PRIOR v. FLAGLER.
(City Court of New York, General Term.   December 17, 1894.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
    An agent who is authorized to conclude the details of a contract of employment for his principal is not also authorized to bind his principal by a subsequent agreement that, if the employé would resign, his salary for the balance of the employment would be paid, that being a new and independent contract.

Appeal from trial term.

Action by Frederick W. Prior against Henry M. Flagler.   The complaint was dismissed at the close of plaintiff's case, and plaintiff appeals.   Affirmed.

Argued before CONLAN and VAN WYCK, JJ.

Dudley R. Horton, for appellant.

Leavitt, Wood & Keith, for respondent.

CONLAN, J.   The only question presented on this appeal is whether Tomlinson had authority to make the contract sued on. The plaintiff was employed as chief cook in defendant's hotel for the season of 1892–93.   The evidence shows that plaintiff's employment originated with a Mr. Seavey, who was general manager of the hotel, and concluded as to details with one Tomlinson, who was acting in the capacity of steward.   The evidence shows that shortly after plaintiff's employment he was injured so badly that he was unable to continue his duties as chief cook, and was taken to a hospital, when, as plaintiff claims, an agreement was made with the steward, Tomlinson, that, if plaintiff would resign this position, the balance of his salary for the season would be paid him.   This was an entirely new and independent contract, and, to be binding on the defendant, must be made by some person having authority to make it.   We do not think that authority in Tomlinson was shown, and it follows, therefore, that the evidence as to the terms of the agreement was properly excluded.   At the close of the plaintiff's case the court offered to submit the questions of fact to the jury, which was declined by plaintiff's counsel.   No errors of law appear in the case, and the complaint was properly dismissed.   Judgment affirmed, with costs.